UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:13-CV-1692 SVW-SH | Date | April 16, 2013 |
|---|---|---|---|

| Title | HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-backed Pass-through Certificates Series 2007-PA2 v. Kirk Kubik et al. |
|---|---|

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER Re NOTICE OF MOTION AND MOTION to REMAND [6]

Upon review of the parties' briefs, the Court concludes that the Motion is suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for Monday, May 20, 2013, is VACATED.

I.   INTRODUCTION AND FACTUAL BACKGROUND

On June 1, 2012, Plaintiff HSBC Bank USA ("Plaintiff"), filed the instant unlawful detainer action in Los Angeles Superior Court against Defendants Kirk Kubik, Maribel Duarte, and Does 1 to 6, inclusive (collectively "Defendants"). (Defendants Req. for Notice of Removal ("NR"), Ex. 1 ("Compl.")). The real property which is the subject of this action is 3522 Pine Avenue, Long Beach, CA 90807, (hereinafter "the Property"). (Compl. at 1). The amount of damages claimed does not exceed $10,000. (Id.)

Defendant Kubik filed a Notice of Removal on March 11, 2013. (NR). Defendant Kubik claims removal is proper based on 28 U.S.C. § 1443. (Id at 1-2). The essence of Defendant Kubik's § 1443 argument is that certain unlawful detainer statutes, combined with biased California Superior Court judges and lawmakers, denies Defendant Kubik the opportunity to raise his civil rights in the California courts. (See generally id.).

On April 11, 2013, Plaintiff filed a Notice of Motion and Motion to Remand this case to the Los Angeles Superior Court for lack of subject matter jurisdiction. (Plaintiff's Notice of Motion and Motion

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-CV-1692 SVW-SH | Date | April 16, 2013 |
|---|---|---|---|
| Title | HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-backed Pass-through Certificates Series 2007-PA2 v. Kirk Kubik et al. | | |

to Remand ("MR," Dkt. 6)). Specifically, Plaintiff asserts that this case lacks federal question or diversity jurisdiction. (Id. at 1-2).

**II.   DISCUSSION**

Where a case has been removed, the federal court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

**A.   Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, a plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. "A case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393 (emphasis in original). The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendant Kubik has failed to establish federal question jurisdiction. Plaintiff's Complaint states a single claim for unlawful detainer, which "does not arise under federal law but is purely a creature of California law." See Canterbury Lots 68, LLC v. De La Torre, CV 13-00712 MMM RZX, 2013 WL 781974, at *3 (C.D. Cal. Feb. 28, 2013) (quoting Wells Fargo Bank v. Lapeen, No. 11–01932,

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-CV-1692 SVW-SH | Date | April 16, 2013 |
|---|---|---|---|
| Title | HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-backed Pass-through Certificates Series 2007-PA2 v. Kirk Kubik et al. | | |

2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011)). Therefore, because Plaintiff's complaint does not raise a federal question, the Court does not have jurisdiction under 28 U.S.C. § 1331.

### B.   Diversity Jurisdiction

Under 28 U.S.C. § 1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States . . . ." 28 U.S.C. 1332(a).  Defendant Kubik has not alleged diversity of citizenship.  Additionally, Plaintiff's requested damages do not meet the $75,000 requirement. (See Compl. at 1).  Therefore, the Court does not have a basis for exercising diversity jurisdiction over this action.

### C.   Civil Rights Jurisdiction

28 U.S.C. § 1443(1) permits removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." 28 U.S.C.A. § 1443 (West). A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966). See Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." Id. (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1970)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Even construing Defendant Kubik's notice of removal liberally, he has not satisfied the Greenwood test. 384 U.S. at 824–28. First, Defendant Kubik utterly fails to identify a right given to him "by explicit statutory enactment protecting equal racial civil rights." Sandoval, 434 F.2d at 636. Defendant appears to assert that "the California Unlawful Detainer and Non-Judicial Foreclosure statutes, together with statutes such as [California] Civil Code Section 1414.10 and the Anti-Slapp Statute (Section 425.16) were enacted . . . with express discriminatory intent and. . . are designed to obliterate" various provisions of the United States Constitution. (NR at 7). These statutes, however, (1) create no federal rights and (2) are not statutes enacted to "protect equal racial civil rights." For this

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-CV-1692 SVW-SH | Date | April 16, 2013 |
|---|---|---|---|
| Title | HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-backed Pass-through Certificates Series 2007-PA2 v. Kirk Kubik et al. | | |

reason alone, Defendant Kubik's removal of this action under § 1443(1) is improper. See Sandoval, 434 F.2d at 636.

     Second, Defendant Kubik also fails to satisfy the second criterion of the Greenwood test. Even if the court interpreted Defendant Kubik's notice of removal as invoking his rights under the ". . . First, Fifth, Ninth, and Fourteenth Amendments to the [United States] Constitution[,]" defendant fails to demonstrate that California state courts will not enforce those rights. Defendant Kubik does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution. Rather, Defendant Kubik alleges in a vague and conclusory manner that there exists a conspiracy among California Superior Court judges, attorneys, and lawmakers to oppress defendants in unlawful detainer cases. (See generally NR). This is not sufficient to support removal under § 1443(1). See Fed. Home Loan Mortg. Corp. v. Cantillano, No. CV 12–01641, 2012 WL 1193613, *3 (C.D.Cal. Apr.9, 2012) (finding no basis for removal under § 14431(a) because defendants did "not identify any California state law or California constitutional provision that denied them the opportunity to raise their civil rights in the California courts," but instead argued that "unspecified provisions of the California Civil Code governing nonjudicial foreclosures and judicial evictions cause the violation of Hispanics' civil rights in all unlawful detainer proceedings"); HSBC Bank USA v. Cabal, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D.Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] ... rather [,][he] asserts that California state courts 'systematically trample [ ]' litigant's rights in unlawful detainer actions.... This is insufficient to allow removal under § 1443," citing State of Georgia v. Rachel, 384 U.S. 780, 792–800, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); Sandoval, 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice")). Therefore, the Court does not have a basis for exercising civil rights jurisdiction over this action.

    **III.   CONCLUSION**

     For the reasons put forward in this Order, the Court DISMISSES this action for lack of subject matter jurisdiction and REMANDS it to state court for further proceedings.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |